Filed 8/8/14  P. v. Sanchez CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>BLAS ENRIQUE SANCHEZ, JR.,<br><br>        Defendant and Appellant. | A140422<br><br>(Lake County Super. Ct.<br>No. CR931894) |

Defendant Blas Enrique Sanchez, Jr. appeals from a final judgment after a plea of no contest.  Defendant filed a timely notice of appeal, and appellate counsel was appointed to represent him.  Appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), in which counsel raises no issue for appeal and asks this court for an independent review of the record.  (See also *People v. Kelly* (2006) 40 Cal.4th 106, 124.)  Counsel attests that defendant was advised of his right to file a supplemental brief.  We have received no such brief.

We have examined the entire record in accordance with *Wende*.  We conclude that no arguable issue exists on appeal and affirm.

### *Procedural Background*

On September 25, 2013, the Lake County District Attorney filed an information charging defendant with a felony violation of possession of drug paraphernalia in a place where prisoners are located (Pen. Code, [1] § 4573.6).  The information further alleged that

_____

[1] Unless otherwise noted, all further statutory references are to the Penal Code.

defendant had suffered a prior strike (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and three prior prison terms (§ 667.5, subd. (b)), and that he was ineligible to serve a sentence in local custody due to a prior violent felony (§ 1170, subd. (h)(3)).

On October 1, 2013, defendant pleaded not guilty to the charge and denied all allegations. On November 4, 2013, pursuant to a negotiated disposition, defendant pleaded no contest to the single charge in the information (possession of drug paraphernalia in a place where prisoners are located, a felony violation of § 4573.6), in exchange for dismissal of the prior strike and the three prior prison terms, with a stipulated sentence of three years, to be served consecutive to defendant's current prison sentence. Prior to the plea, defendant completed a plea form, and stated on the record that he understood the terms and conditions of the plea. Defendant acknowledged that he understood that the sentence would be three years in state prison, and that it would be consecutive to the term that he was currently serving.

On December 2, 2013, the court sentenced defendant pursuant to the plea agreement, i.e., three years to run consecutive to his current sentence. Defendant was ordered to pay a restitution fine of $720 under section 1202.4, a court operation assessment of $40 under section 1465.8, and a criminal conviction assessment of $30 under Government Code section 70373. The court stated that this is a "half time case."

At sentencing the court asked if there was argument and the prosecutor responded, "I believe it's a stipulated sentence." The court responded, "It was, stipulated three years." Defense counsel said, "I have some comments. I'm not sure they amount to argument. [¶] . . . [¶] They amount to whining more than anything else." Defense counsel then argued that defendant's three-year sentence could be subordinate to his current prison sentence, which would reduce his three-year sentence for possession of paraphernalia in prison to one-third of the middle term for the offense (§ 1170.1, subd. (a)). The court disagreed with this view, finding that defendant was not entitled to the benefit of section 1170.1, subdivision (a), for the current offense because it was committed while defendant was in a state prison, rendering section 1170.1, subdivision

2

(c) applicable. Nor did the court believe that it had the discretion to make defendant's new sentence subordinate to his current one.

### *Factual Background[2]*

On December 2, 2012, Officer Brad Holt was on duty as a corrections officer at the Konocti Conservation Camp, a California state prison facility. At approximately 7:30 p.m., he conducted a random security inspection. Holt entered dorm room No. 2 and approached bed No. 214, where he observed defendant and another inmate sitting on a bunk bed. Defendant was holding a lighter and the other inmate was holding a light bulb that had a piece of toilet paper stuck to the bottom and a tube inside the light bulb. Holt observed white smoke inside the light bulb and watched as the other inmate inhaled the smoke from the light bulb. Holt never saw defendant hold the light bulb.

Holt believed the light bulb contraption was an inmate-manufactured smoking device and instructed both inmates to give him the light bulb and the lighter. Both inmates complied and Holt escorted them out of the dormitory building to the duty office. As they walked through the yard, defendant started to walk away from Holt. Holt ordered him to return, but defendant did not. Holt walked the other inmate to the office while keeping his eye on defendant. Defendant walked to a large grass area in the center of the yard and appeared to toss something into the drainage, then walked back toward Holt. After leaving the other inmate in the custody of Officer Armstrong, Holt escorted defendant inside and then searched the drainage area, but found nothing. Officer Armstrong asked the other inmate, "What were you guys doing smoking marijuana in the dorms?" Defendant blurted out, "It was meth."

Defendant was strip searched, but nothing was found. The light bulb contained only residue that was never tested, and no methamphetamine was ever recovered. A urine sample was collected, and defendant tested positive for methamphetamine.

---

[2] The facts are derived from the preliminary hearing in this case.

*Disposition*

We find no meritorious sentencing issues requiring reversal of the judgment. As part of the plea agreement, defendant acknowledged that the sentence would be three years in state prison. Defendant was represented by counsel throughout the proceedings from entry of plea to sentencing. We find no indication in the record that counsel provided ineffective assistance. We have reviewed the record on appeal. By entering pleas of no contest to the charges, defendant admitted the sufficiency of the evidence establishing the crimes for which he was sentenced. There was no error in the sentencing process or the sentence. The court has reviewed the entire record in accordance with *Wende*, and finds no arguable issues requiring further briefing.

Accordingly, the judgment is affirmed.

_____
Becton, J.*

We concur:

_____
Dondero, Acting P.J.

_____
Banke, J.

\* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.